IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARIA PACHECO,
R-89911,

Petitioner,

vs.

SHERYL THOMPSON,

Respondent.                                               Case No. 14-cv-01055-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Maria Pacheco, who is currently incarcerated in Logan Correctional Center ("Logan"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254, in order to challenge her murder conviction (Doc. 1). This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the claims presented in the petition, the Court concludes that Pacheco has failed to exhaust all means of available relief under state law. Federal habeas corpus review is therefore premature, and the petition shall be **DISMISSED**.

## I. Background

In 2011, Pacheco was convicted of murder in the Circuit Court of Cook County, Illinois (Doc. 1, p. 1). She was sentenced to fifteen years of imprisonment. Pacheco filed a direct appeal with the Fourth District Appellate Court of Illinois, which was denied in June 2013 (Doc. 1, p. 2). Pacheco did not appeal the appellate court's decision or file a post-conviction petition challenging her conviction in state court. Instead, on August 12, 2014, Pacheco filed the present petition for writ of habeas corpus in the Northern District of Illinois (Doc. 1), challenging her 2011 conviction for murder. The case was properly transferred to this Court pursuant to 28 U.S.C. § 2241(d) on October 1, 2014.

## II. Discussion

Absent exceptional circumstances, a petitioner may not file a federal habeas petition until she has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerkel,* 526 U.S. 838, 839 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971); *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998). A petitioner "shall not be deemed to have exhausted the remedies available . . . if [s]he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Before proceeding with a review of a petition for habeas corpus on its merits, the district court is required to make two inquiries, as follows:

> . . . whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is "no,"

> the petition is barred either for failure to exhaust state remedies or for a procedural default.

*Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). This requirement stems from "the understanding that state courts are equally obliged to follow federal law and from the desire for comity between state and federal court systems." *See Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). Therefore, a petitioner must have presented every claim included in the federal habeas petition in a petition for discretionary review to a state court of last resort. *O'Sullivan,* 526 U.S. at 846-47.

In the present petition, Pacheco admits that she has not filed a post-conviction petition in state court (Doc. 1, p. 3). Before this Court can even consider Pacheco's federal petition, she must exhaust all means of available relief under state law, which includes review of her claims through the entire Illinois appellate process, including the state's highest court. Only then can this Court consider Pacheco's claims. Accordingly, the habeas petition (Doc. 1) shall be dismissed.

### III. <u>Disposition</u>

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice.

Should Pacheco desire to appeal this Court's ruling dismissing her petition for a writ of habeas corpus, she must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While a petitioner need not show that her appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), she must show "something more than the absence of frivolity" or the existence of mere "good faith" on her part. *Id*. at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. *See* Fed. R. App. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that Pacheco has failed to exhaust all available state remedies, and she is not entitled to relief pursuant to 28 U.S.C. § 2254. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: October 24, 2014**

Digitally signed by
David R. Herndon
Date: 2014.10.24
17:01:19 -05'00'

United States District Court